**SO ORDERED.**

**SIGNED this 30 day of June, 2006.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| MARK JOSEPH COSTIN | 04-04404-5-ATS |
|     DEBTOR | |
| | |
| BARBARA COSTIN | ADVERSARY PROCEEDING NO. |
|     Plaintiff | S-05-00087-5-AP |
|     v. | |
| MARK JOSEPH COSTIN AND JOSEPH N. CALLAWAY, TRUSTEE | |
|     Defendants. | |

**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

The matters before the court are the cross-motions for summary judgment filed by the plaintiff, Barbara Costin, and the defendant, Joseph N. Callaway, chapter 7 trustee. A hearing took place in Raleigh, North Carolina on May 30, 2006.

Mark Joseph Costin filed a petition for relief under chapter 7 of the Bankruptcy Code on December 8, 2004, and Joseph N. Callaway was

appointed chapter 7 trustee.  On May 6, 2005, Barbara Costin filed this adversary proceeding pursuant to 11 U.S.C. §§ 523(a)(5) and (a)(15) seeking a determination that certain debts incurred by Mr. Costin in the course of separation and divorce are excepted from discharge.  On September 13, 2005, Ms. Costin filed an amended complaint, adding Mr. Callaway as a defendant and asserting that to the extent Ms. Costin is entitled to a distribution of assets of the debtor or to a distributive award from the debtor, that entitlement is free and clear of any interest of the bankruptcy estate.  Ms. Costin also added a third claim for relief contending that she holds an interest in other assets in which the debtor and the estate claim an interest, independent of her equitable distribution rights.

The trial of this matter, including the equitable distribution itself, was scheduled for May 30, 2006.  The parties agreed, however, that the legal issues between the plaintiff and the trustee could be resolved as a matter of law, and that the court should consider the cross-motions for summary judgment prior to trying the equitable distribution action.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.

2

Ct. 2548, 2552 (1986).  In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party.  <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 82 S. Ct. 993 (1962).  Summary judgment should not be granted unless the moving party establishes his right to judgment "with such clarity as to leave no room for controversy."  <u>Portis v. Folk Constr. Co. Inc.</u>, 694 F.2d 520, 522 (8th Cir. 1982).

The parties agree that Barbara Costin and Mark Costin were married on February 14, 1981, and separated on June 21, 2003.  A divorce proceeding was filed in the North Carolina District Court for Wake County, and an order allowing the divorce was entered prior to Mr. Costin's bankruptcy filing.  The parties reserved the equitable distribution claims.  The legal question before the court is whether Ms. Costin is limited to a general unsecured claim in the bankruptcy estate for any equitable distribution interest she may have in the debtor's assets, or whether the nature of her interest in certain assets of the debtor is such that it remains outside and separate from the debtor's bankruptcy estate.

The law on this issue was established in 1991 with the case of <u>Perlow v. Perlow</u>, 128 B.R. 412 (E.D.N.C. 1991).  In <u>Perlow</u>, the debtor and his former spouse were divorced prior to the filing of the bankruptcy petition, and the equitable distribution claims were retained for a later date.  The debtor filed his petition while the

3

equitable distribution claims were pending, and he listed his former spouse as an unsecured, nonpriority creditor.  Mrs. Perlow contended that her right to equitable distribution was a preexisting property right in the marital property, but the court disagreed.  Though the statutory right for equitable distribution

> is a "species of common ownership . . . vesting at the time of the parties' separation[,]" . . . [t]his vested right, however, does not . . . create a property right in the marital property. (citation omitted). Nor does the fact of separation create a lien on specific marital property in favor of the spouse. (citation omitted). Rather, it only creates "a right to an equitable distribution of that property, whatever a court should determine that property is."

Perlow, 128 B.R. at 415 (citations omitted).  The court concluded that the "right to equitable distribution is a general unsecured claim[.]" Perlow, 128 B.R. at 415.

Ms. Costin contends that the Perlow opinion relied on North Carolina case law, specifically Wilson v. Wilson, 73 N.C. App. 96, 325 S.E. 2d 668 (1985), to reach its conclusion, and that the North Carolina Court of Appeals' opinion in Painter v. Painter, 163 N.C. App. 527, 594 S.E.2d 217 (2004), necessarily changes the result.  In Painter, the former husband passed away while the equitable distribution action was pending, and the husband's estate was substituted as plaintiff.  The court ordered the plaintiff estate to pay a distributive award to the defendant wife, but when the wife attempted to enforce the order, the estate contended that the claim was

4

like any other claim against the estate and had to be paid in accordance with the priority scheme set forth in the probate statutes.

The appellate court considered the probate statutes, North Carolina General Statutes Chapter 28A, in conjunction with the equitable distribution statute, North Carolina General Statutes § 50-20, and noted that a decedent's estate is comprised of "*decedent's* assets, including all *decedent's* real and personal property. N.C. Gen. Stat. § 28A-15-1(a). Although decedent's assets include those he acquired from the equitable distribution order, his assets do not include those marital assets awarded to his former spouse." Painter, 163 N.C. App. at 531. After reviewing the "essence" of equitable distribution, "which provides for division of the marital estate between the parties, and generally does not concern itself with title or possession," the court concluded that

> [w]here payment is due from a decedent to a former spouse to account for the former spouse's portion of the marital estate, that payment must be made first. Only after the marital estate is separated from decedent's estate can the administrator determine decedent's assets and proceed to pay the creditors and distribute the assets of the estate pursuant to Chapter 28A.

Painter, 163 N.C. App. at 532-3.

Ms. Costin contends that because administration of bankruptcy estates and probate administration are so similar, the reasoning of Painter should be extended to the bankruptcy context. Accordingly, she

5

concludes, the equitable distribution action should proceed, and the trustee should turn over the appropriate percentage of the marital assets to her prior to any distribution of the bankruptcy estate.

There are three problems with Ms. Costin's argument. First, the Painter court was fully aware of the Perlow opinion when it issued its order, and the Painter court made no attempt to apply its reasoning beyond the context of probate administration. Second, there is no trustee with strong-arm powers in probate cases. Perlow relied in part on the existence of the trustee's hypothetical lienholder status, noting that because the wife failed to file a notice of lis pendens or otherwise record her vested right in any real property, a judgment lien creditor or a bona fide purchaser would have taken title to property free and clear of the wife's interest. Perlow, 128 B.R. at 415. Because Ms. Costin similarly did not file a notice of lis pendens or otherwise put the world on notice of her claims, the chapter 7 trustee's powers under § 544 of the Bankruptcy Code bar her claim to specific marital property.

Finally, Painter itself acknowledged that both the equitable distribution statute and the probate statutes have been amended to provide that the priority scheme for paying claims under Section 19 of Chapter 28A is applicable to equitable distribution claims against an estate of a deceased spouse. Painter, 163 N.C. App. at 533; N.C. Gen. Stat. § 50-20(*l*)(2003). Thus, the holding in Painter is applicable

6

only to cases that were pending prior to the enactment of the 2003 amendments.

Accordingly, the Painter decision does not change the result in the context of a bankruptcy case; that is, Ms. Costin's right to equitable distribution is a general unsecured claim.  The trustee is entitled to summary judgment on the issue of whether Ms. Costin's interest in assets is separate from the bankruptcy estate.T h e trustee also seeks summary judgment with respect to whether Ms. Costin has any ownership interest in any of Mr. Costin's companies under North Carolina law.  There is a genuine  issue of disputed fact on this matter, and summary judgment is not appropriate.

Based on the foregoing, the trustee's motion for partial summary judgment is **ALLOWED**; Ms. Costin has only a general unsecured claim against the estate as a matter of law.  The remaining motion and cross-motions for summary judgment are **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**